CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Alejandro Diaz,**<br><br>Plaintiff,<br><br>v.<br><br>**The Dodsworth Building, LLC,** a California Limited Liability Company;<br>**The Cheesecake Factory Restaurants, Inc.,** a California Corporation; and Does 1-10,<br><br>Defendants. | **Case No.**<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Alejandro Diaz complains of Defendants The Dodsworth Building, LLC; The Cheesecake Factory Restaurants, Inc.; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He is a paraplegic who uses a wheelchair for mobility.

1

2.   In July 2015, Defendant The Dodsworth Building, LLC, was the real property owner of the building/parcel located at or about 2 W. Colorado Blvd., Pasadena, California.

3.   Defendant The Dodsworth Building, LLC, is the current real property owner of the building/parcel located at or about 2 W. Colorado Blvd., Pasadena, California.

4.   In July 2015, Defendant The Cheesecake Factory Restaurants, Inc., was the business owner of The Cheesecake Factory, located at or about 2 W. Colorado Blvd., Pasadena, California ("Cheesecake").

5.   Defendant The Cheesecake Factory Restaurants, Inc., is the current business owner of Cheesecake.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of

Complaint

the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Cheesecake is a facility open to the public, a place of public accommodation, and a business establishment.

11. Restrooms are one of the facilities, privileges and advantages offered by Defendants to guests at Cheesecake.

12. However, in July 2015, the men's restroom at Cheesecake was inaccessible to wheelchair users.

13. In July 2015, the sink counter was more than 34 inches above the floor.

14. In July 2015, the sink did not offer any knee clearance to wheelchair users because a metal beam or bar was mounted under the vanity, stretching from wall-to-wall.

15. In July 2015, the restroom mirror was mounted such that its bottom edge was more than 40 inches above the floor and not effectively used by persons in wheelchairs.

16. Because of the inaccessible conditions in the men's restroom in July 2015, Plaintiff needed to seek assistance from a stranger to wash his hands. This caused anger, frustration, and embarrassment for Plaintiff.

17. The sink counter is currently more than 34 inches above the floor.

18. The sink does not currently offer any knee clearance to wheelchair users because a metal beam or bar is mounted under the vanity, stretching from wall-to-wall.

19. The restroom mirror is currently mounted such that its bottom edge is

Complaint

more than 40 inches above the floor and not effectively used by persons in wheelchairs.

20. Plaintiff went to Cheesecake in July 2015.

21. Plaintiff personally encountered these problems.

22. These inaccessible conditions denied the plaintiff full and equal access and caused him difficulty and frustration.

23. Plaintiff would like to return and patronize Cheesecake but will be deterred from visiting until the defendants cure the violations.

24. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

25. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

26. Plaintiff alleges on information and belief that the women's restroom at Cheesecake suffers from the same inaccessible conditions.

27. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the

Complaint

change.

28. Plaintiff is and has been deterred from returning and patronizing Cheesecake because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the restaurant to assess ongoing compliance with the ADA and will return to patronize Cheesecake as a customer once the barriers are removed.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42  U.S.C. section 12101, et seq.)

29. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

5

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

31. Sinks must be mounted so that the counter or rim is no higher than 34 inches above the finish floor. 1991 Standards § 4.24.2; 2010 Standards § 606.3.

32. Here, the sink counter was higher than the maximum allowable height, in violation of the ADA.

33. Sinks must provide knee clearance of at least 29 inches in height. 1991 Standards § 4.19.2 and Figure 31; 2010 Standards § 606.2 and 306.

34. Here, no such knee clearance was provided and this is a violation of the ADA.

35. Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 1991 Standards § 4.19.6; 2010 Standards § 603.3.

36. Here, the mirror was mounted higher than the maximum permitted and is a violation of the ADA.

37. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

38. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

39. Given its location and options, Cheesecake is a business that the

Complaint

plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

40. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

41. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

42. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit,

Complaint

pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.


Dated: April 21, 2016                    CENTER FOR DISABILITY ACCESS


                                         By: _____
                                         Mark Potter, Esq.
                                         Attorneys for Plaintiff

8

Complaint